IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TASHA RENAE MITCHELL, :
:
    Plaintiff, :
:
vs. :
: CIVIL ACTION 13-0402-M
CAROLYN W. COLVIN, :
Social Security Commissioner, :
:
    Defendant. :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits (Docs. 1, 13). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 18). Oral argument was heard on March 24, 1014. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th

Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was thirty-four years old, had completed a college education (Tr. 43), and had previous work experience as a salon attendant, general office clerk, and human resources clerk (Tr. 46). In claiming benefits, Mitchell alleges disability due to chronic fracture of the left foot and major depressive disorder (Doc. 13 Fact Sheet).

The Plaintiff filed an application for disability benefits on July 19, 2010 (Tr. 111-12; *see also* Tr. 24). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Mitchell could not return to her past relevant work, there were specific sedentary jobs that she could perform (Tr. 24-32). Plaintiff requested review of the hearing decision (Tr. 20) by the Appeals Council, but it was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not

supported by substantial evidence.  Specifically, Mitchell alleges that:  (1) The ALJ failed to properly consider the Veteran Administration's (hereinafter *VA*) finding that she was partially disabled; (2) the ALJ did not properly consider the conclusions of an examining physician; (3) the ALJ did not consider all of the evidence of record; and (4) the ALJ's findings regarding her mental impairments are contradictory (Doc. 13).  Defendant has responded to—and denies—these claims (Doc. 15).

Mitchell's first claim is that the ALJ failed to properly consider the VA's finding that she was partially disabled (Doc. 13, pp. 2-5).  Plaintiff points to a VA decision, on June 4, 2010, finding her "70 percent disabled due to her service connected condition of major depressive disorder as of September 24, 2009 . . . [and] 10 percent disabled due to her service connected condition of chronic left foot extensor tendonitis as of October 1, 2001," resulting in a combined 70 percent disability rating (Doc. 13, p. 3).

Social Security regulations state as follows:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind.  We must make a disability or blindness determination based on social security law.  Therefore, a determination made by another

3

>     agency that you are disabled or blind is not
>     binding on us.

20 C.F.R. § 404.1504 (2013).  The Eleventh Circuit Court of Appeals has acknowledged this principle, though holding that another's agency's determination of disability is entitled to great weight.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (1983).

This claim is without merit.  Mitchell's last insured date, for disability benefits, was June 30, 2005 (*see* Tr. 26).  Plaintiff admits as much in her Fact Sheet (*see* Doc. 13).  The evidence on which Mitchell relies is dated June 4, 2010, nearly five years too late.  Nevertheless, the Court notes that the ALJ reviewed the medical evidence from the relevant time period regarding her depression and left foot impairment and found them severe, but not disabling (Tr. 29-30).  As the evidence Plaintiff cites does not state that it relates to a time before her insurance status expired, even were the ALJ to have accepted the VA's disability findings as her own, it would have been of no benefit to Mitchell.  The Court finds no error in the ALJ's failure to acknowledge—and credit—this evidence as it was irrelevant to the query before her.

Plaintiff next claims that the ALJ did not properly consider the conclusions of an examining physician, Dr. Joseph G. Law, Jr. (Doc. 13, pp. 5-6).  It should be noted that

"although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[1] *see also* 20 C.F.R. § 404.1527 (2013).

On April 29, 2003, Dr. Law performed an examination for the VA "for assessment of aptitudes, achievement, personality and temperament" (Tr. 508; *see generally* Tr. 508-10). Law was to assess Mitchell's "ability to cope with the day to day stresses of employment, participate in vocational rehabilitation efforts, and determine feasibility for employment or training" (*id.*). Law administered the Woodcock Johnson III Tests of Achievement on which Plaintiff scored eight-grade equivalency in letter-word identification, reading fluency, math calculation, and passage comprehension and a sixth-grade equivalency in spelling. Mitchell also took the Wechsler Adult Intelligence Scale-III and scored within the average range of intelligence which Law thought was a valid measure of her ability; he did express the opinion that her IQ score could have been ten points higher if she had been on medication to improve her attention span. The

---

[1] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

5

Tester noted that the scores indicated that Plaintiff had a
learning disability.  Law's impression was that Mitchell had
mild, recurrent, major depressive disorder, post traumatic
stress disorder, attention deficit hyperactivity disorder, a
reading disorder, and a math disorder.  He expressed the opinion
that Plaintiff had "a serious employment handicap and [would]
spiral down into very serious depression necessitating
psychiatric hospitalization [without] successful intervention"
(Tr. 510).

In her determination, the ALJ reviewed Law's report but did
not give his conclusions as much weight as other evidence of
record as he was "not a Psychologist, but ha[d] a Doctorate in
Education" (Tr. 30).  The ALJ went on to note that Plaintiff had
been examined by mental health professionals at the VA.

Mitchell argues that the ALJ cherry-picked the evidence,
referencing only the parts of Law's report that supported a
finding that she was not disabled while ignoring those parts
that supported disability (Doc. 13, p. 6).  Specifically,
Plaintiff cites the following:

> For example, Dr. Law found Plaintiff to
> suffer with sad moods, decreased interest in
> activities, nightmares, a sense of
> foreshortened future, and decreased
> concentration and memory.  Tr. 509.  Dr. Law
> also noted that Plaintiff has distressing
> dreams and intrusive thoughts about her
> fiancé's death, has difficulty in sustaining

6

>           attention, and was easily distracted and
>           forgetful in daily activities.  Id.

(Doc. 13, p. 6).  The Court notes that although these statements appear in Law's report, they were a recitation of Mitchell's own statements about herself; they are not presented as the Tester's opinion (*see* Tr. 509).

Plaintiff went further in her claim, though, pointing out the following:

>           In addition, Dr. Law was of the opinion that
>           Claimant would require psychiatric care and
>           medication for PTSD, depression, and ADHD.
>           Id.  Dr. Law also opined that Claimant would
>           benefit from a long term therapeutic
>           relationship with a counselor and that it
>           would be beneficial for Claimant to engage
>           in upgrading her academic skills.  Id.  Dr.
>           Law opined that "[Plaintiff] has a serious
>           employment handicap and will spiral down
>           into very serious depression necessitating
>           psychiatric hospitalization if successful
>           intervention is not forthcoming."  Id.

(Doc. 13, p. 6).  While these thoughts do more correctly reflect Dr. Law's conclusions from that one-time consultative examination, they did not, ultimately, prove to be correct.  As a Veteran, Mitchell had full opportunity to avail herself of psychiatric care and medication, but did not—at least not on a regular basis.  Plaintiff also successfully upgraded her academic skills, completing two college undergraduate degrees. Furthermore, Mitchell's depression did not cause a "spiral

downward" that required hospitalization; even as recently as March 26, 2007, nearly two years past her insurance cessation date, the VA rated Mitchell's depression disability as only thirty percent (Tr. 404). The ALJ specifically noted Plaintiff's ability to get an education, her failure to regularly seek psychiatric help, and her non-compliance with her medication regimen as reasons for rejecting her claim that her depression was disabling. The Court finds substantial support for that determination and his rejection of some of Dr. Law's conclusions.

Next, Mitchell claims that the ALJ did not consider all of the evidence of record. Plaintiff points to three different specific examinations that took place through the VA that she argues the ALJ did not reference in his discussion of the evidence (Doc. 13, p. 8). There were two examinations—one physical and one mental—that took place on June 6, 2002 and a physical exam on June 7, 2002.

On June 6, 2002, Mitchell underwent a physical examination in which she was diagnosed to have chronic pain of the left foot secondary to injury and stress fracture as well as a history of depression (Tr. 501-02). The doctor, in performing the examination, noted that everything was normal including the lab results. The ALJ referenced the report in her determination, though it was only for things Plaintiff communicated to the

doctor at the time of the examination.

Plaintiff also underwent a psychological examination on June 6, 2002 in which the doctor noted that she cried through much of the interview (Tr. 503-05). She was diagnosed with depression, given a prescription for Celexa,[2] and encouraged to go to the clinic regularly for help. The ALJ made no specific reference to this examination.

On June 7, 2002, Mitchell was examined by Dr. Bass who noted that she was walking satisfactorily without a discernible limp; she could heel-and-toe walk and squat and rise again (Tr. 499-500). The doctor noted that there was no pain on range of motion testing at that time and that although pain could limit functional ability, he could not address that situation in its absence. In her determination, the ALJ referenced the examination, noting that Dr. Bass's diagnosis was "chronic pain of the left foot secondary to injury and stress fracture and [that she was] otherwise in good health" (Tr. 29).

The Court finds that the ALJ referenced two of the three examinations Mitchell asserts were ignored. More to the point though, Plaintiff has not pointed out the significance of these particular examinations as they do not add anything to the record that would contribute to a finding of disability as the

---

[2]*Celexa* is used in treating depression. **Error! Main Document Only.***Physician's Desk Reference* 1161-66 (62nd ed. 2008).

9

evidence therein can be found in other medical records. Mitchell's claim that the ALJ did not properly consider all of the evidence of record is without merit.

Mitchell's final claim is that the ALJ's findings regarding her mental impairments are contradictory (Doc. 13, pp. 8-10). However, all of the evidence Plaintiff cites for this claim post-dates her last insured date by more than four years and is irrelevant to the ALJ's determination of non-disability as of June 30, 2005. This claim is of no merit.

Mitchell has raised four different claims in bringing this action. All are without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate Order.

DONE this 26th day of March, 2014.

<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE